UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RENA ALLEN, | ) |  |
|---|---|---|
| Plaintiffs | ) |  |
| v. | ) | No. 4:14-CV-204 CAS |
| DAL GLOBAL SERVICES, LLC, et al., | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on plaintiff Rena Allen's Motion to Remand. Defendant DAL Global Services, LLC ("DGS") opposes the motion. For the following reasons, the Court concludes that federal diversity jurisdiction does not exist, and plaintiff's motion to remand must be granted.

*I. Background*

Plaintiff filed this action in state court alleging employment discrimination under the Missouri Human Rights Act ("MHRA"). She names as defendants DGS, Monica Fletcher, and Kenneth Green. Complete diversity is lacking on the face of the petition because plaintiff, Monica Fletcher, and Kenneth Green are all alleged to be citizens of the State of Missouri. DGS avers in its amended notice of removal that it is a limited liability company whose sole member is Delta Air Lines, Inc., a Delaware corporation with its principal place of business in Georgia. DGS is therefore a citizen of Delaware and Georgia. DGS removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a)(1), claiming that Monica Fletcher and Kenneth Green were fraudulently joined to defeat diversity and, therefore, their citizenship should be disregarded for purposes of diversity jurisdiction. The company argues that Kenneth Green and Monica Fletcher were fraudulently joined in that plaintiff cannot state employment discrimination claims against

them because she did not name these individuals in her charges of discrimination. Defendants Fletcher and Green did not join in the notice of removal because they have yet to be served in this case.[1]

Shortly after filing its Notice of Removal, defendant DGS filed a partial motion to dismiss. In its motion, DGS argues that some of the allegations plaintiff brings against the company are time-barred. Plaintiff opposed the motion to dismiss and also filed a motion to remand, which is presently before the Court. The motion to remand asserts that complete diversity of citizenship does not exist because plaintiff and defendants Green and Fletcher share Missouri citizenship.[2] Plaintiff argues that she has claims against these individual defendants, and the fact she did not name them as her employer in her charges of discrimination does not preclude her from bringing claims against them under the MHRA. DGS opposes remand for the reasons stated in its notice of removal.

For the following reasons, the Court concludes that Monica Fletcher and Kenneth Green were not fraudulently joined because it is arguable that Missouri state law might impose liability against defendants Fletcher and Green under the MHRA, even though they were not named as plaintiff's employer in her charges of discrimination. The Court further concludes that complete diversity of citizenship does not exist, and therefore it does not have subject matter jurisdiction over this action. Plaintiff's motion to remand will be granted.

---

[1]Plaintiff states that the individual defendants have not been served in this matter because she does not have contact information for these defendants. She states that she intends on serving them once that information can be obtained through discovery.

[2]There is no dispute that the requisite amount in controversy is met. See 28 U.S.C. § 1332(a).

2

## II. *Plaintiff's Allegations*

Plaintiff was employed by DGS as a Cabin Service Agent. According to plaintiff's petition, defendants Monica Fletcher and Kenneth Green were her "superiors." On March 5, 2013, plaintiff completed a charge of discrimination in which she alleged that she was discrimination against based on her race and gender. Plaintiff named as her employer "Delta Global Services." When describing the particulars of the discrimination, plaintiff wrote:

> I have been employed by the above named company since 6/13/11. For most of my employment I have been classified as a supervisor. On various occasions, I have performed duties as acting station manager, however, whenever the station manager position has been filled, I have not been selected for promotion. I believe this is due to my race, black, and sex, female. Those who have been selected have been white and/or Hispanic. I have had to train individuals who have been selected to fill the position. In addition, during the past year I have also been subjected to unfair assignments, suspensions, and demotion.
>
> I have not been given any specific reason for being denied the station manager position. At the time of my suspension, the employer had 2 counseling forms, and a final warning for unprofessional conduct. There had not been any discussion of the issues contained in those actions prior to my suspension. When I returned to work from suspension, I was demoted, but was not given a reason.

See Doc. 14, Ex. A. Plaintiff alleged in this charge that the discrimination took place between January 1, 2012, and December 17, 2012, and that it was ongoing. Plaintiff did not mention the names of any individuals in her charge.

On August 29, 2013, plaintiff completed a second charge of discrimination against her employer, "Delta Global Services." In this charge, she alleged that she was retaliated against for participating in a protected activity. More specifically, she wrote:

> I was employed by the above named Respondent from about June 11, 2011, until I was discharged on or about August 15, 2013. My most recent position was Cabin Service Agent and my most recent supervisor was Kenneth Green.
>
> On or about July 31, 2013, I was called into meet with Monica Fletcher and Kenneth Green and they told me that I was being suspended pending termination. On or

3

> about August 2, 2013, the EEOC issue a notice of rights to sue to both myself and Respondent and then Respondent notified me that they were terminating me effective August 15, 2013.

See Doc. 14, Ex. B. She alleged in this charge that the discrimination took place on August 15, 2013.

The Missouri Commission on Human Rights ("MCHR") issued a right to sue notice as to the first charge on September 20, 2013. It issued a second right to sue notice as to the second charge on October 18, 2013. On December 18, 2013, plaintiff filed suit in the Circuit Court of St. Louis City against DAL Global Services, LLC, Monica Fletcher, and Kenneth Green. Plaintiff brings the following three counts against all three defendants: MHRA, race discrimination (Count I); MHRA, gender discrimination (Count II); and MHRA, retaliation (Count III).

On January 28, 2014, DGS's counsel sent a letter to the MCHR requesting that the MCHR rescind its right to sue notice in regard to plaintiff's first charge, because the conduct alleged in the first charge took place more than 180 days before the charge was filed. On February 20, 2014, the MCHR vacated its closure as to the first charge, and on February 21, 2014, it issued a "no right to sue" notice with regard to plaintiff's allegations of failure to promote based on race and sex. Defendant has not argued that plaintiff's retaliation claims are untimely.

### III. *Legal Standard*

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1) there must be complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n. 6 (8th Cir.1991). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of

citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed. Knudson v. Systems Painters, Inc., 634 F.3d 968, 976 (8th Cir.2011). "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.' " Id. (quoted case omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." Id. (cited source omitted).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit Court of Appeals has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.' " Knudson, 634 F.3d at 977 (quoting Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir .2003)). Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Filla, 336 F.3d at 810 (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811.

As the Eighth Circuit explained in Filla,

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.

5

Id. at 811 (citations omitted). The Eighth Circuit instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question ... but simply to remand the case and leave the question for the state courts to decide.' " Id. (quoting Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir.1977)). In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. Boyer v. Snap–On Tools Corp., 913 F.2d 108, 122 (3rd Cir.1990) (reversing district court's order denying remand), cert. denied, 498 U.S. 1085 (1991); see Filla, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

## IV. *Discussion*

In order to pursue a claim under the MHRA, the statute requires that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" must file a charge of discrimination "which shall state the name and address of the person alleged to have committed the unlawful practice and which shall set forth the particulars thereof." Mo. Rev. Stat. § 213.075(1). In addition, a "claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994)(citing Mo. Rev. Stat. §§ 213.075, 213.111(1)). "[A]dministrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." Id.

In general, a plaintiff must exhaust his or her administrative remedies by naming all of those alleged to be involved in the discriminatory behavior in the administrative charge. See Hill v. Ford Motor Co., 277 S.W.3d 659, 669 (Mo. 2009). But the failure to name a supervisor in the discrimination charge does not necessarily bar suit against the supervisor. Id. In the Hill decision,

6

the Missouri Supreme Court wrote that the purpose of naming a party in the charge of discrimination is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process." Id. at 669 (citing Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3rd Cir. 1977)). It noted that "[t]hese requirements are met when there is a substantial identity of interest between the parties sued and those charged . . . ." Id. According to the Missouri Supreme Court, determining whether a sufficient identity of interest exists requires consideration of the following factors:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative charge]; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings; (3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; [and] (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 669–70 (citation omitted). In Hill, the Missouri Supreme Court reversed and remanded the cause of action to the trial court for it to "consider whether the factors permitting suit to proceed against [the individual], despite failure to join him during the administrative portion of the process, are satisfied." Id. at 670.

Therefore, under Missouri law there are certain factual circumstances under which a plaintiff may pursue a claim against an individual defendant, even though that defendant was not named as an "employer" in the charge of discrimination. The analysis is fact intensive, and defendant DGS urges the Court to engage in this factual analysis. In its opposition to plaintiff's motion to remand, defendant DGS attempts to present evidence to the Court that these circumstances are not present here by attaching the affidavits of defendants Green and Fletcher. After careful consideration, the Court does not believe that basing its decision on the exhibits provided by DGS would be

appropriate in this matter. Klotz v. CorVel Healthcare Corp., No. 4:05-CV-1034, 2005 WL 3008515, *5 (E.D. Mo. Nov. 9, 2005). In ruling on the motion to remand, the Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability upon the facts involved" and it must resolve all facts in the plaintiff's favor. Filla, 336 F.3d at 811. The Court should not step from the threshold jurisdictional issue into a decision on the merits. Boyer v. Snap–On Tools Corp., 913 F.2d 108, 122 (3rd Cir.1990) (reversing district court's order denying remand); see Filla, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction."). The Court finds that the issue of administrative exhaustion is therefore properly left to the state court for resolution.

But even if the Court were to consider the affidavits in this case, it does not find the evidence DGS presents to be compelling. The affidavits are self-serving and nearly identical to each other. Both individual defendants make the following declarations: I did not have notice "or any indication that [plaintiff] was in any way alleging that I was personally liable . . ." ; "I never had an opportunity to respond to or submit documents as an actual respondent . . ."; and "I never had an opportunity to participate in any conciliation process . . . on my on behalf." See Doc. 14, Ex. C, and Doc. 17, Ex. 1 (emphasis added). The affiants, however, do not state that they did not have actual notice of the charges, or that they did not participate in the administrative process in any way. And notably, the affiants do not declare that they were prejudiced or how their interests would have been different from DGS, which was named as an employer and did participate in the administrative process. Too many of the factors outlined in Hill are unaddressed by these affidavits for the Court to conclude that there was not a sufficient identity of interest between DGS and the individual defendants such that a Missouri court would bar suit against these individuals.

Under the facts of this case – where the two individuals were identified in the narrative of the second charge – a Missouri court might well determine that plaintiff may pursue her claims against these individual defendants. Although the issue is debatable, the Eighth Circuit has instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide.'" Id. (quoting Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)). The Court will remand this suit to state court, a course of action that is in accordance with the precedent in this District. See Bock v. Liberty Restaurant Group, No. 4:13-CV-781, 2013 WL 4504375, at *3 (E.D. Mo. Aug. 23, 2013)(J. Fleissig); Hall v. Avis Budget Car Rental, LLC., No. 4:12-CV-738, 2012 WL 2191620, at *3 (E.D. Mo. June 14, 2012) (J. Fleissig); Dones v. Sensient Colors, LLC, No. 4:12-CV-216, 2012 WL 1802438, at *3 (E.D. Mo. May 17, 2012) (J. Fleissig); Huye v. Life Care Centers of Am., Inc., No. 4:12-CV-111, 2012 WL 1605250, *3 (E.D. Mo. May 8, 2012) (J. Jackson); Fernandez v. GMRI, Inc., No. 4:11-CV-244, 2011 WL 6884797, at *3 (E.D. Mo. Dec. 29, 2011) (J. Fleissig); Jameson v. Gough, No. 4:09-CV-2021, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24, 2010) (J. Sippel); Moss v. Defender Servs., Inc., 1:08-CV-88, 2009 WL 90136, at *3 (E.D. Mo. Jan. 14, 2009) (J. Shaw) (same); Messmer v. Kindred Hosp. St. Louis, No. 4:08–CV–749, 2008 WL 4948451, at *3 (E.D. Mo. Nov. 10, 2008); (J. Jackson); Peterson v. Concentra, Inc., 4:07-CV-387, 2007 WL 1459826, at *2 (E.D. Mo. May 16, 2007) (J. Stohr); see also Speraneo v. Zeus Tech., Inc., 4:12-CV-578, 2012 WL 2885592, at *6 (E.D. Mo. Jul. 13, 2012) (J. Ross.) (denying Rule 12 motion to dismiss); Breidenbach v. Shillington Box Co., LLC, 4:11-CV-1555, 2012 WL 85276, at *7 (E.D. Mo. Jan. 11, 2012) (J. Hamilton) (same); Shivers v. City of University City, 4:09-CV-630, 2010 WL 431791, at * 5 (E.D. Mo. Feb. 2, 2010) (J. Limbaugh Jr.) (same); but see Warren v. Dr.

9

Pepper/Seven Up Mfg. Co., 4:13-CV-526, 2013 WL 4507846, at *3 (E.D. Mo. Aug. 23, 2013) (J. Webber) (denying motion to remand); Borders v. Trinity Marine Products, Inc., No. 1:10-CV-146, 2011 WL 1045560, at *1–2 (E.D. Mo. Mar. 17, 2011) (J. Autrey) (same).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Rena Allen's motion to remand is **GRANTED.** [Doc. 8]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis City, Missouri.

An appropriate Order of Remand will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of May, 2014.